[No. B212205. Second Dist., Div. Five. Aug. 26, 2009.]

BEVERLY HILTON HOTEL, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and SAMSON
BOGANIM, Respondents.

COUNSEL

Wai & Connor and Houman Hamidzadeh for Petitioner.

Robert E. Kalunian, Acting County Counsel, Leah D. Davis, Assistant County Counsel, and Eugenia W. Der, Deputy County Counsel, for County of Los Angeles as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent Workers' Compensation Appeals Board.

Neil P. Sullivan, Vincent Bausano; Law Offices of Allan H. Cutler and Allan H. Cutler for Respondent Samson Boganim.

Law Office of Smith & Baltaxe and Bernard D. Baltaxe for California Applicants' Attorneys Association as Amicus Curiae on behalf of Respondent Samson Boganim.

OPINION

**MOSK, J.**—Beverly Hilton Hotel (Hotel) petitioned for writ of review of the decision of the Workers' Compensation Appeals Board (Board) concluding that respondent Samson Boganim (Boganim) was entitled to vocational rehabilitation benefits under Labor Code[1] section 139.5. Effective January 1, 2009, however, Labor Code section 139.5 was repealed. (Stats. 2004, ch. 34, §§ 4,

---

[1] All further statutory citations are to the Labor Code unless stated otherwise.

5.)[2] We hold that because the Board's decision was not a final determination of Boganim's right to vocational rehabilitation benefits and because former section 139.5 has been repealed, he is not entitled to those benefits. We therefore annul the Board's decision.

## FACTUAL AND PROCEDURAL BACKGROUND

Boganim filed two claims for workers' compensation benefits for an injury due to his employment as a security officer/supervisor at Hotel. Boganim claimed a specific injury on September 3, 1990, and a cumulative trauma injury for the period of July 15, 1986, to November 24, 1991.

On December 15, 2003, the workers' compensation judge (WCJ) found both injuries compensable. On March 4, 2004, Boganim requested vocational rehabilitation services pursuant to former section 139.5. Hotel denied the request, and no services were offered. On February 24, 2005, Boganim filed a request for a determination by the Rehabilitation Unit[3] that he was entitled to vocational rehabilitation services and benefits. He based his request on the medical opinion of a psychiatrist, who had determined that Boganim was a qualified injured worker for purposes of vocational rehabilitation services.[4] The Rehabilitation Unit denied the request on the basis that the psychiatric claim was not compensable. Boganim made another request on December 13, 2005, for a determination by the Rehabilitation Unit of his entitlement to benefits, this time supported by another medical opinion reporting on Boganim's compensable injuries to his neck and back. Thereafter, on July 21, 2006, the Rehabilitation Unit issued a determination that Boganim was entitled to vocational rehabilitation benefits and services.

Hotel appealed the determination of the Rehabilitation Unit. A trial de novo was held at the local appeals board, and the determination of the Rehabilitation Unit was upheld. In its January 31, 2008, findings and award, the WCJ

[2] Original section 139.5 was repealed, and a new section 139.5 was enacted in 2004 providing for vocational benefits and specifying in subdivision (*l*), "This section shall remain in effect only until January 1, 2009, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2009, deletes or extends that date." (Stats. 2004, ch. 34, § 5.) Reference to former section 139.5 is to the version enacted in 2004 and repealed effective January 2009.

[3] The administrative director of the Division of Workers' Compensation established a vocational rehabilitation unit (Rehabilitation Unit) that reviewed requests for vocational rehabilitation services and developed rules and regulations for procedures to facilitate the timeliness and quality of vocational rehabilitation services. (Former § 139.5, subd. (a)(1)–(6).)

[4] A "qualified injured worker" is a worker who is expected to have some permanent disability from an industrial injury or who is likely to be precluded from engaging in his occupation or in the occupation in which he or she was injured and who is reasonably expected to return to employment through the provision of vocational rehabilitation services. (Former § 4635, subd. (a)(1).)

found that the medical report evidenced a prima facie showing that Boganim was presumptively eligible for rehabilitation services as of July 27, 1997. The WCJ also found that Boganim was entitled to a vocational rehabilitation maintenance allowance at the temporary disability rate, pursuant to former section 4642 and former section 139.5, subdivision (d)(2), from July 27, 1998, or until Boganim met with an agreed qualified rehabilitation representative. In awarding retroactive vocational rehabilitation maintenance allowance, the WCJ concluded that Hotel never issued a notice of potential eligibility for vocational rehabilitation services as required by former section 4637. Hotel filed a petition for reconsideration of the findings and award of January 31, 2008. After granting reconsideration, the Board, on October 7, 2008, affirmed the January 31, 2008, findings and award of the WCJ.

None of the parties raised before the Board the issue of whether as of and after January 1, 2009, Boganim had a valid award of vocational rehabilitation services or benefits. The Rehabilitation Unit determination, the findings and award by the WCJ, and the decision by the Board on reconsideration were all issued before January 1, 2009, the effective repeal date of former section 139.5. Thus, before the Board, this issue was not ripe. On November 20, 2008, Hotel filed a timely petition for review with this court. We requested that the parties brief the issue of the effect on the repeal of former section 139.5. On June 10, 2009, the Board, in an en banc opinion in another case, held that the repeal of former section 139.5 terminated any rights to vocational rehabilitation benefits or services provided for or by orders or awards that were not final before January 1, 2009. (*Weiner v. Ralphs Co.* (2009) 74 Cal.Comp.Cases 736.)

Hotel contends the repeal of former section 139.5 ended all rights that would have derived from that statute, that there is no saving clause concerning the repealed statute, and that the law in effect at the time of this court's decision must be applied. Boganim contends that the repeal of section 139.5 as of January 1, 2009, did not affect awards affirmed by the Board before that date; section 5502, subdivision (b)(3) is a saving clause; and, based on public policy and the liberal construction of the Labor Code, as mandated by section 3202, an employee must have a remedy to enforce a right when an employer was aware of an obligation to provide benefits and failed to comply with that obligation.

## DISCUSSION

### A. *Vocational Rehabilitation*

The California Workers' Compensation Law (§ 3200 et seq.) is a statutory system enacted pursuant to a constitutional grant of power to the

Legislature to establish a workers' compensation system. (Cal. Const., art. XIV, § 4; Lab. Code, § 3201.) The right to workers' compensation benefits is "wholly statutory." (*Johnson v. Workers' Comp. Appeals Bd.* (1970) 2 Cal.3d 964, 972 [88 Cal.Rptr. 202, 471 P.2d 1002]; *Ruiz v. Industrial Acc. Com.* (1955) 45 Cal.2d 409, 414 [289 P.2d 229].) As part of the workers' compensation benefits, section 139.5 was enacted in 1965 to provide for vocational rehabilitation programs in order to restore injured workers to suitable gainful employment for maximum self-support after their industrial injuries. (*Webb v. Workers' Comp. Appeals Bd.* (1980) 28 Cal.3d 621, 628 [170 Cal.Rptr. 32, 620 P.2d 618] (*Webb*); *Edgar v. Workers' Comp. Appeals Bd.* (1998) 65 Cal.App.4th 1, 11–12 [76 Cal.Rptr.2d 83].) Thereafter, the Legislature enacted several changes to the vocational rehabilitation system of benefits. The system evolved from a voluntary program to one in which the employer had a statutory obligation to provide benefits to qualified workers. (*Webb, supra,* 28 Cal.3d at p. 628.) As a result of legislation enacted in 2004, section 139.5 was made applicable only to injuries occurring before January 1, 2004 (former § 139.5, subd. (k), added by Stats. 2004, ch. 34, § 5), and was to remain in effect until January 1, 2009, unless the Legislature deleted or extended that date. (Former § 139.5, subd. (*l*), added by Stats. 2004, ch. 34, § 5; *Medrano v. Workers' Comp. Appeals Bd.* (2008) 167 Cal.App.4th 56, 65 [83 Cal.Rptr.3d 802].) The Legislature did not delete or extend that date.

### B. *Extinguishment of Right to Vocational Rehabilitation Benefits*

■ "[W]hen a pending action rests solely on a statutory basis, and when no rights have vested under the statute, 'a repeal of such a statute without a saving clause will terminate all pending actions based thereon.' " (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 829 [135 Cal.Rptr. 526, 558 P.2d 1] (*Mann*).) " ' "If final relief has not been granted before the repeal goes into effect it cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered." ' " (*Id.* at p. 831; see *Southern Service Co., Ltd. v. Los Angeles* (1940) 15 Cal.2d 1, 11–12 [97 P.2d 963]; *Krause v. Rarity* (1930) 210 Cal. 644, 653 [293 P. 62] ["a repeal of the statute conferring the right, prior to final judgment, would abolish the right and place the parties in the same position as if the statute never existed"]; *Napa State Hospital v. Flaherty* (1901) 134 Cal. 315, 317 [66 P. 322] ["It is a rule of almost universal application, that, where a right is created solely by a statute, and is dependent upon the statute alone, and such right is still inchoate, and not reduced to possession, or perfected by final judgment, the repeal of the statute destroys the remedy, unless the repealing statute contains a saving clause."].)

Workers' compensation awards may become null by subsequent legislation enacted prior to a final judgment. For example, in *Graczyk v. Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997 [229 Cal.Rptr. 494] (*Graczyk*), a student filed a workers' compensation claim as an "employee" because of an injury incurred in 1978 while playing varsity college football for California State University, Fullerton. The WCJ held that the applicant was an employee and that section 3352, subdivision (k), added in 1981, which excluded student athletes from being deemed employees, could not be applied retroactively to deprive the applicant of his vested right to employee status under the law existing at the time of his injury. The Board annulled the decision of the WCJ and determined that the applicant was not an employee, concluding that the Legislature's 1981 amendment of section 3352 adding subdivision (k) that excluded student athletes as employees applied to any awards that were still pending. (*Graczyk, supra,* 184 Cal.App.3d at pp. 1001–1002.) The Court of Appeal affirmed, holding that the applicant's rights to benefits were not vested because they had not been reduced to a final judgment before the amendment to section 3352. According to the court, the applicant did not have a vested right to employee status at the time of the injury. (184 Cal.App.3d at p. 1001.) The court also held that even if the 1981 statute was viewed as applying retroactively, such application was not unconstitutional. (*Id.* at p. 1007.)

The court stated that the applicant's "inchoate right to benefits under the workers' compensation law is wholly statutory . . . . Hence, applicant did not have a vested right . . . ." (*Graczyk, supra,* 184 Cal.App.3d at p. 1006.) "The justification for the rule that a statutory right of action may be repealed is that all statutory remedies are pursued with full realization that the Legislature may abolish the right to recover at any time." (*Id.* at p. 1007, fn. 5; see *Callet v. Alioto* (1930) 210 Cal. 65, 67–68 [290 P. 438] ["all statutory remedies are pursued with full realization that the legislature may abolish the right to recover at any time"]; *Willcox v. Edwards* (1912) 162 Cal. 455, 465 [123 P. 276] ["When the remedy provided by the statute is lost by an amendment taking it away in certain classes of cases, nothing further of benefit remains in those cases."].)

In *Kleemann v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 274 [25 Cal.Rptr.3d 448] (*Kleemann*), the court examined the legislative intent in the application of the then newly enacted sections 4663 and 4664 to pending cases for injuries that predated the enactment of those sections.[5] The employee had filed a claim of cumulative trauma for his period of employment from 1996 to April 30, 2000, as well as other claims of injuries in 1999 and

---

[5] Section 4663 states, inter alia, that apportionment of permanent disability shall be based on causation. Section 4664 states, inter alia, that the employer shall only be liable for the percentage of permanent disability directly caused by the injury arising out of the employment.

2001. He also had a prior industrial injury from another employment for which he had received a stipulated settlement. Issues of permanent disability and apportionment were submitted for decision before the WCJ. On April 19, 2004, the Legislature repealed section 4663 and enacted a new version of that section along with section 4664 (Stats. 2004, ch. 34, §§ 34–35). Although the case had been submitted for decision to the WCJ prior to the enactment of the new provisions, the WCJ had not issued a decision before the effective date of the enactments. On April 28, 2004, the WCJ vacated submission of the claim and scheduled a conference for the purpose of developing the record in order to address the new laws on apportionment. (*Kleemann, supra*, at pp. 279–281.) The applicant contended that his claim should be decided based on the statutes that existed at the time of his injuries. The court held the Legislature intended that new sections 4663 and 4664 applied to pending cases (127 Cal.App.4th at p. 278) and reasoned that when new legislation repeals existing law, statutory rights end with the repeal even during litigation if the repeal of the statute authorizing the right occurs before final judgment. (*Id.* at p. 283.)

■ "When new legislation repeals existing law, statutory rights normally end with repeal unless the rights are vested pursuant to contract or common law." (*Kleemann, supra*, 127 Cal.App.4th at p. 283; see *Strauss v. Horton* (2009) 46 Cal.4th 364, 473 [93 Cal.Rptr.3d 591, 207 P.3d 48] [vested right includes marriage].) The "final relief" necessary for a vested right occurs when the award is final and any appeals have been concluded by a final judgment. (See *Mann, supra*, 18 Cal.3d at p. 831.)

■ Similarly, in *Rio Linda Union School Dist. v. Workers' Comp. Appeals Bd.* (2005) 131 Cal.App.4th 517 [31 Cal.Rptr.3d 789] (*Rio Linda*), the court held that the newly enacted sections 4663 and 4664 should have been applied to a case submitted to a WCJ before the effective date of the statute, but on which case the award and findings were not issued until four days after the effective date of those statutes. The court held that " ' " ' "The unconditional repeal of a special remedial statute without a saving clause stops all pending actions where the repeal finds them. If final relief has not been granted before the repeal goes into effect[, such relief] cannot be granted afterwards, even if a judgment has been entered and the cause is pending on appeal. The reviewing court must dispose of the case under the law in force when its decision is rendered." ' [Citations.]" [Citations.]' " (*Rio Linda, supra*, 131 Cal.App.4th at p. 528.) "The repeal of such statutory right applies to *all* pending cases, at whatever stage the repeal finds them, unless the Legislature has expressed a contrary intent by an express saving clause or by implication from contemporaneous legislation." (*Ibid.*)

■ The instant case involves the application of the traditional rule that "statutory rights end during litigation with repeal . . . of the statute, unless appeals were exhausted and there is a final judgment." (*Kleemann, supra,* 127 Cal.App.4th at p. 286; see *Green v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 1426, 1436 & fn. 16 [26 Cal.Rptr.3d 527].) Thus, to this extent, the repeal applies to injuries and claims that occurred prior to the repeal. If as here, the right involved is inchoate, it can be said that the law or repeal of the law is not being applied retroactively. (See *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd.* (1978) 87 Cal.App.3d 336, 350 [151 Cal.Rptr. 368].)

■ Section 5908 provides for actions that can be taken by the Board on reconsideration of an order. Thereafter, a party may apply to an appellate court for a writ of review. (§ 5950.) The appellate court may deny review (see *Kaiser Foundation Hospitals v. Workers' Comp. Appeals Bd., supra,* 87 Cal.App.3d at p. 347), but if the court grants a writ of review, then the court enters judgment either affirming or annulling the award, or the court may remand the matter back to the Board. (§ 5953.) Until judgment is entered and the appellate process or other proceedings are completed, the matter is not final, and there is no vested right. (*Graczyk, supra,* 184 Cal.App.3d at p. 1006; *County of San Bernardino v. Ranger Ins. Co.* (1995) 34 Cal.App.4th 1140, 1149 [41 Cal.Rptr.2d 57] [" 'statutory remedy does not vest *until final judgment*' "].) Awards are only final when the entire process, including appellate review, is concluded. In the instant case, Hotel timely filed this petition for review, which was pending at the time of the effective date of the repeal of former section 139.5. Only in those cases in which the decision was final before the repeal would the parties be able to enforce or terminate the award. (See § 5803.) Because this matter has been subject to review by this court after January 1, 2009, former section 139.5, can no longer be applied or enforced in this case.

That an employer might have been able to delay finality of an award in order to take advantage of the repeal of former section 139.5 does not affect our ruling in this case. An applicant can seek to expedite the proceedings. And there is no showing in this case that Hotel did anything to cause a delay in the proceedings in order to take advantage of the effective date of the repeal of the statute.

### C. *No Saving Clause*

■ "When the Legislature repeals a statute but intends to save the rights of litigants in pending actions, it may accomplish that purpose by including an express saving clause in the repealing act." (*Bourquez v. Superior Court* (2007) 156 Cal.App.4th 1275, 1284 [68 Cal.Rptr.3d 142]; see Black's Law

Dict. (9th ed. 2009) p. 1461 ["A saving clause is generally used in a repealing act to preserve rights and claims that would otherwise be lost."].) "It is not necessary that there be an express saving clause in order to save rights under a statute. It is sufficient if an intent to that effect appear by legislative provision at the session of the Legislature effecting the repeal of the statute from which the rights are to be saved." (*County of Alameda v. Kuchel* (1948) 32 Cal.2d 193, 198 [195 P.2d 17]; see *Traub v. Edwards* (1940) 38 Cal.App.2d 719, 721 [102 P.2d 463]; see also *Bourquez v. Superior Court, supra,* 156 Cal.App.4th at p. 1284.) Thus, "the intention to save the rights of litigants in pending actions" does not have to "appear in the repealing act itself." (*Traub v. Edwards, supra,* 38 Cal.App.2d at p. 721.)

In reenacting section 139.5, the Legislature added subdivision (k), which stated, "This section shall apply only to injuries occurring before January 1, 2004." It also added in subdivision (*l*), "This section shall remain in effect only until January 1, 2009, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2009, deletes or extends that date." (Stats. 2004, ch. 34, § 5.) There was no newly enacted statute, nor was the effective sunset date extended before January 1, 2009, or thereafter. The Legislature, in effect, preserved or saved vocational rehabilitation claims for nearly five years, but did not save nonfinal vocational rehabilitation rights as of or past January 1, 2009. As noted, although the Legislature provided for the possibility of a later statute that "deletes or extends" that January 1, 2009 date, no such statute was ever enacted.

There is no indication, express or implied—in any legislation passed in the same session in which former section 139.5 was repealed—that the Legislature intended to save vocational rehabilitation rights or remedies from and after January 1, 2009, or indefinitely. Section 47 of the legislation (Stats. 2004, ch. 34, § 47)[6] states: "The amendment, addition, or repeal of, any provision of law made by this act shall apply prospectively from the date of enactment of this act, regardless of the date of injury, unless otherwise specified, but shall not constitute good cause to reopen or rescind, alter, or amend any existing order, decision, or award of the Workers' Compensation

---

[6] Sections 47 and 49 of the legislation (Stats. 2004, ch. 34, §§ 47 & 49) are "plus sections" of Senate Bill No. 899 (2003–2004 Reg. Sess.). "A 'plus section' is a provision of a bill that is not intended to be a substantive part of the code section or general law that the bill enacts, but to express the Legislature's view on some aspect of the operation or effect of the bill. Common examples of 'plus sections' include severability clauses, saving clauses, statements of the fiscal consequences of the legislation, provisions giving the legislation immediate effect or a delayed operative date or a limited duration, and provisions declaring an intent to overrule a specific judicial decision or an intent not to change existing law. (See Legis. Counsel, Legislative Drafting Manual (1975) §§ 64–71, pp. 20–26.)" (*People v. Allen* (1999) 21 Cal.4th 846, 858–859, fn. 13 [89 Cal.Rptr.2d 279, 984 P.2d 486].)

Appeals Board." ■ This provision is "consistent with [the] final judgment rule." (*Kleemann, supra,* 127 Cal.App.4th at p. 286.) "Reopening in workers' compensation generally refers to reopening orders, decisions or awards for new and further disability under section 5410." (*Id.* at p. 287; see *Rio Linda, supra,* 131 Cal.App.4th at pp. 529–531.) Section 47 of the legislation (Stats. 2004, ch. 34, § 47), in effect, provides that with respect to cases reduced to a final judgment, the Board would have continuing jurisdiction to reopen them within five years of the date of injury under sections 5803 and 5804. Section 47 is consistent with the principle that changes in the law would apply to pending cases from the date of enactment and thereafter. And section 49 of the legislation (Stats. 2004, ch. 34, § 49) states, "This act is an urgency statute necessary for the immediate preservation of the public peace, health, or safety within the meaning of Article IV of the Constitution and shall go into immediate effect. The facts constituting the necessity are: [¶] In order to provide relief to the state from the effects of the current workers' compensation crisis at the earliest possible time, it is necessary for this act to take effect immediately." Those provisions do not suggest any continuing application of the measures upon their repeal.

Boganim argues that section 5502, subdivision (b), in effect, is a saving clause. That section, which governs workers' compensation proceedings provides, "The court administrator shall establish a priority calendar for issues requiring an expedited hearing and decision. A hearing shall be held and a determination as to the rights of the parties shall be made and filed within 30 days after the declaration of readiness to proceed is filed if the issues in dispute are any of the following: [¶] . . . [¶] (3) The employee's entitlement to vocational rehabilitation services, or the termination of an employer's liability to provide these services to an employee." (*Ibid.*)

Section 5502, subdivision (b)(3) has no applicability to the continuing application of a repealed statute. It was not part of Senate Bill No. 899 (2003–2004 Reg. Sess.), the legislation providing for the repeal of former section 139.5, or any other provision enacted during the 2003–2004 legislative session. Moreover, section 5502, subdivision (b)(3) is not rendered useless by the repeal of section 139.5. It is still applicable to those cases in which a final order has been rendered in connection with efforts to enforce, terminate or otherwise deal with the final order. (See § 5803.)

■ Former section 139.5, subdivision (f), which provided, "[t]he time within which an employee may request vocational rehabilitation services is set forth in former Section 5405.5 and Sections 5410 and 5803" cannot be deemed a saving clause because it too was repealed. Neither section 5803 nor section 5410 serves as a saving clause. Neither was part of the statute that repealed section 139.5, nor was either enacted at the same session in which

that statute was enacted. Section 5803 provides that the Board's continuing jurisdiction "includes the right to review, grant or regrant, diminish, increase, or terminate . . . any compensation awarded, upon the grounds that the disability of the person in whose favor the award was made has either recurred, increased, diminished, or terminated." This provision does not mean that an order can never be final. It means that orders that are final—i.e., that either have not been subject to review in the appellate courts or have been finally determined by the appellate courts—can be subject to further action based on changed circumstances. Section 5803, as well as section 5502, subdivision (b)(3), simply give the Board jurisdiction to conduct hearings and make determinations regarding the enforcement, termination, or other action concerning a final award of vocational rights.

 Section 5410 allows an injured worker to "institute proceedings" for vocational rehabilitation within five years of the date of the injury. It is a statute of limitations.[7] That section does not suggest that an injured worker could continue to maintain such proceedings if they had not become final by the effective date of the repeal of former section 139.5. That the Legislature did not intend to allow vocational rehabilitation services to applicants whose cases were not final on January 1, 2009, is sufficiently clear, such that we do not have to consider admonitions (see § 3202) to interpret the Labor Code liberally (*Brodie v. Workers' Comp. Appeals Bd.* (2007) 40 Cal.4th 1313, 1332 [57 Cal.Rptr.3d 644, 156 P.3d 1100]).

### D. *No Residual Effects*

 Former section 4642 (which required employer payments when there was a delay in providing vocational rehabilitation services referred to in former § 139.5) does not function as a so-called "ghost statute" to confer jurisdiction to hear disputes involving vocational rehabilitation services. The term "ghost statute" was used by the Board in *Godinez v. Buffets, Inc.* (2004) 69 Cal.Comp.Cases 1311, in which the issue before the Board was the timeliness of an appeal of a vocational rehabilitation determination, a subject governed by former section 4645, subdivision (d), which was repealed, effective 2004 (Stats. 2003, ch. 635, § 14.3). The Board noted that several sections relating to provisions of vocational rehabilitation services and benefits were repealed and that section 139.5 was repealed in 2004, but reenacted to apply to injuries occurring before January 1, 2004. The newly reenacted version of section 139.5 subdivision (c) referred to former section 4642 and former section 4644. Thus, the Board found that even though these statutes were repealed effective 2004 (Stats. 2003, ch. 635, § 14.3), "they still have a shadowy existence for injuries prior to January 1, 2004" and "[l]ike ghosts 'doomed

---

[7] Former section 5405.5, another limitations period, was repealed. (Stats. 2003, ch. 635, § 16.)

for a certain term to walk the night' (*Hamlet* I, v), these statutes have no material existence but linger until their work is done. Because there is no other operative law, we hold that former section 4645 is a similar 'ghost statute' that continues to govern the timeliness of appeals from decisions of the Rehabilitation Unit." (*Godinez*, at p. 1313; see also *Medrano v. Workers' Comp. Appeals Bd.*, *supra*, 167 Cal.App.4th at p. 65; *Vulcan Materials Co. v. Workers' Comp. Appeals Bd.* (2006) 71 Cal.Comp.Cases 1346, 1348–1349 [vocational rehabilitation benefits demanded in 2005 were granted based on former §§ 4636, subd. (c), 4637; as former § 139.5 was still in effect, the Board impliedly recognized the "shadowy existence" of the former vocational rehabilitation statutes]; see also *Nunez v. Workers' Comp. Appeals Bd.* (2006) 136 Cal.App.4th 584, 591–593 [38 Cal.Rptr.3d 914] [repealed medical evaluation procedure applied to injuries arising prior to the effective date of the new statute replacing it]; *Pebworth v. Workers' Comp. Appeals Bd.* (2004) 116 Cal.App.4th 913, 916, fn. 2 [10 Cal.Rptr.3d 832] [former § 4646 continues to apply to injuries occurring prior to Jan. 1, 2004, even though it was repealed effective Jan. 1, 2004].)

The Legislature repealed not only former section 139.5, but also other statutes governing vocational rehabilitation benefits and services, as well as the regulations to implement those benefits and services.[8] As of the date of the repeal of former section 139.5, former section 4642 had also been repealed. Thus, section 4642 could not be given effect, for the statute upon which it is based, former section 139.5, has also been repealed. Thus, there is no residual application here of any repealed statute.

## CONCLUSION

 Applicants had rights to vocational rehabilitation awards up to January 1, 2009. After that, there were no such statutory rights available as to claims that were not vested by that date. Thus, neither the Board nor this court has jurisdiction to award such rights. " 'Even when a court has jurisdiction over the subject matter and the parties in a fundamental sense, it may have no "jurisdiction" or power to make orders which are not authorized by statute.' " (*Janzen v. Workers' Comp. Appeals Bd.* (1997) 61 Cal.App.4th 109, 113 [71 Cal.Rptr.2d 260].) It is in this respect that we conclude there is no jurisdiction or power to award vocational rehabilitation benefits in this case.

---

[8] Regulations adopted by the administrative director and established for the implementation of vocational rehabilitation services have been repealed. (See Workers' Compensation Laws of Cal. (LexisNexis, May 2009 Supp.) pp. 78–85.)

## DISPOSITION

The Board's decision is annulled.

Turner, P. J., and Kriegler, J., concurred.

The petition of respondent Samson Boganim for review by the Supreme Court was denied November 19, 2009, S176807.