[No. B214649. Second Dist., Div. Eight. May 25, 2010.]

LOS ANGELES COUNTY FIRE DEPARTMENT, Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD and CLIFTON
NORTON, Respondents.

COUNSEL

Zaks & Barnard and Richard Zaks for Petitioner.

Neil P. Sullivan for Respondent Workers' Compensation Appeals Board.

Cantrell, Green, Pekich, Cruz & McCort and Wayne McCort for Respondent Clifton Norton.

Law Office of Smith & Baltaxe and Bernhard D. Baltaxe for California Applicants' Attorneys Association as Amicus Curiae on behalf of Respondent Clifton Norton.

## OPINION

**FLIER, J.**—Clifton Norton (Norton), a battalion chief for the Los Angeles County Fire Department (County), was injured at work and was awarded vocational rehabilitation maintenance allowance at the temporary disability indemnity "delay" rate from September 8, 2005, to August 28, 2007, under Labor Code former sections 139.5 and 4642.[1] On December 30, 2008, the County petitioned the Workers' Compensation Appeals Board (WCAB) for reconsideration and contended that Norton was not entitled to any maintenance allowance from September 8, 2005, to September 26, 2006, and, in any case, he was not entitled to receive a maintenance allowance at the significantly higher temporary disability indemnity "delay" rate for the entire period awarded. Former section 139.5 was repealed by operation of law on January 1, 2009. The WCAB affirmed the entire award and the County petitioned this court for a writ of review, contending that Norton's right to *any* maintenance allowance ended with repeal of former section 139.5. We agree with the County, except for that part of the maintenance allowance that was not included in its petition for reconsideration and, therefore, became final before the repeal of former section 139.5. We affirm in part, and reverse in part, and remand the matter to the WCAB for further proceedings consistent with this opinion.

### FACTUAL AND PROCEDURAL BACKGROUND

Norton sustained work injuries to his neck, back and right arm on July 21, 1997, and to his cardiovascular system and hearing from April 9, 1973, to September 19, 2000. On June 29, 2004, the parties entered into stipulated awards for permanent disability, but the stipulation did not include vocational rehabilitation benefits.

---

[1] Labor Code former section 4642 was repealed on January 1, 2004. Subdivision (a) of that section provided, in part: "If the employer fails to assign a qualified rehabilitation representative or to commence vocational rehabilitation service in a timely manner . . . or otherwise causes any delay in the provision of vocational rehabilitation services, the full maintenance allowance shall be paid in its entirety by the employer . . . ."

Labor Code former section 139.5, subdivision (*l*) provided: "This section shall remain in effect only until January 1, 2009, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2009, deletes or extends that date."

All further statutory citations refer to the Labor Code unless otherwise specified.

Norton requested reinstatement of vocational rehabilitation benefits in letters dated September 8 and 26, 2005. On September 26, 2006, Norton filed a request for dispute resolution with the rehabilitation unit (Unit). On March 5, 2007, the Unit determined that Norton's claim for vocational rehabilitation benefits was barred by the five-year statute of limitations.

Norton appealed to the workers' compensation administrative law judge (WCJ). On July 18, 2007, the WCJ found that the claim was not barred by the five-year statute of limitations and referred the matter to the Unit "for a determination of the benefits that are due." The County filed a petition for reconsideration of the statute of limitation finding with the WCAB, which denied reconsideration on September 10, 2007. The County did not file a petition for writ of review of the denial of reconsideration.

During this period, the parties entered into a settlement of prospective vocational rehabilitation services under former section 4646, a settlement approved by the Unit.

On March 12, 2008, the Unit issued another determination that Norton was entitled to past maintenance allowance at the temporary disability indemnity "delay" rate for the period of September 8, 2005, to August 28, 2007, under California Code of Regulations, title 8, former section 10125.1. The County appealed this decision to the WCJ.

The parties proceeded to trial before the WCJ, stipulated to the facts and submitted on the record. The County contended that Norton was not entitled to maintenance allowance until he had actively pursued vocational rehabilitation by filing for dispute resolution with the Unit, which occurred on September 26, 2006. Thus, the County argued, Norton was not entitled to maintenance allowance from September 8, 2005, to September 26, 2006. The County also contended that former section 139.5 did not provide for maintenance allowance at a greater rate than $246 per week, and former section 4642, which did, had been repealed.

On December 5, 2008, the WCJ issued findings and an order determining that Norton was entitled to maintenance allowance at the temporary disability indemnity "delay" rate as ordered by the Unit and denied the County's appeal. In the WCJ's opinion on decision, he explained that "Defendant does not dispute that it owes retroactive benefits," and that Norton had in fact requested vocational rehabilitation for the period between September 8, 2005, and September 26, 2006, but the County had failed to respond, request dispute resolution with the Unit or attempt to terminate benefits. The WCJ further decided that Norton was entitled to maintenance allowance at the temporary disability indemnity "delay" rate because former section 4642

continued to apply under *City of Santa Rosa v. Workers' Comp. Appeals Bd.* (2007) 72 Cal.Comp.Cases 122. The WCAB had ruled in *City of Santa Rosa* that former section 139.5, subdivision (c) expressly incorporated former section 4642, indicating the Legislature intended it to apply, and that California Code of Regulations, title 8, former section 10125.1 had not been amended or repealed.

On December 30, 2008, two days before the repeal of former section 139.5 went into effect, the County petitioned the WCAB for reconsideration. The County argued that even though Norton was deemed to be a qualified injured worker for vocational rehabilitation due to injury to his cardiovascular system and hearing, he had not actively pursued benefits or chosen to participate under former section 139.5, subdivision (c) until he filed for a dispute resolution with the Unit. The County also contended that Norton was not entitled to maintenance allowance at the temporary disability indemnity "delay" rate because former section 4642 had been repealed and, therefore, maintenance allowance was limited to a maximum of $246 per week under former section 139.5, subdivision (d)(1). The County requested that the WCAB grant reconsideration and vacate the WCJ's order awarding maintenance allowance at the "delay" rate and for the period from September 8, 2005, through September 26, 2006.

In a report on reconsideration, the WCJ detailed his reasons for his findings and order.

On January 30, 2009, the WCAB denied the County's petition for reconsideration based on the record and the WCJ's report. The County then filed its petition for writ of review with this court.

## CONTENTIONS

In its petition for writ of review before this court, the County contends that there is no statutory authority to award maintenance allowance at the temporary disability indemnity "delay" rate because former section 4642 was repealed and former section 139.5, subdivision (d)(1) limited maintenance allowance to $246 per week. It argues that the Legislature intended the repeal of former sections 4642 and 139.5 to extinguish existing rights retrospectively, citing *Aetna Cas. & Surety Co. v. Ind. Acc. Com.* (1947) 30 Cal.2d 388, 392–395 [182 P.2d 159] and *Graczyk v. Workers' Comp. Appeals Bd.* (1986) 184 Cal.App.3d 997, 1005–1007 [229 Cal.Rptr. 494]. The County asserts the Legislature did not reenact former section 4642 with former section 139.5. It further contends that the Legislature, in Senate Bill No. 899 (2003–2004 Reg. Sess.), included a sunset provision as part of urgency legislation intended to reduce the escalating cost of workers' compensation. The County also

contends that the WCAB incorrectly interpreted former section 139.5, subdivision (c) as providing for continuation of former section 4642. The County argues that the 2007 proceedings before the Unit, WCJ and WCAB only decided that Norton's claim for vocational rehabilitation benefits was not barred by the five-year statute of limitations, and no final, vested judgment exists awarding substantive vocational rehabilitation benefits.

Norton answers that the repeal of former section 139.5 did not extinguish his right to the awarded maintenance allowance. Norton contends that the WCJ's findings and order became final when former section 139.5 was repealed and reconsideration was denied by the WCAB. He also contends that the County failed to raise the repeal of former section 139.5 in its 2008 petition for reconsideration, and the issue was waived under section 5904.[2] Norton further asserts that because the petition for reconsideration was filed on December 30, 2008, this case is distinguishable from the recent case of *Beverly Hilton Hotel v. Workers' Comp. Appeals Bd.* (2009) 176 Cal.App.4th 1597 [99 Cal.Rptr.3d 50] (*Beverly Hilton Hotel*) in which Division Five of this district held that the right to vocational rehabilitation benefits is extinguished if an award was not final on the date former section 139.5 was repealed. In *Beverly Hilton Hotel*, the Unit's determination, the WCJ's findings and award, and the decision by the WCAB on reconsideration were all issued before January 1, 2009, the effective repeal date of section 139.5. (*Beverly Hilton Hotel, supra,* 176 Cal.App.4th at p. 1603.) Norton asserts that in any case maintenance allowance at $246 per week from September 27, 2006, through August 28, 2007, was not appealed by the County and this part of the award should be deemed final.[3]

In a letter brief to this court, the WCAB responds that it should have granted the County's petition for reconsideration, vacated the award of maintenance allowance from September 8, 2005, through August 28, 2007, and found that Norton's vocational rehabilitation rights were extinguished by the repeal of former section 139.5. The WCAB states that the 2007 decisions of the Unit, WCJ and WCAB only decided that Norton's claim for vocational rehabilitation benefits was not barred by the five-year statute of limitations and did not adjudicate whether Norton was a qualified injured worker entitled to vocational rehabilitation or had only substantive rights to services or benefits.

---

[2] Section 5904 states: "The petitioner for reconsideration shall be deemed to have finally waived all objections, irregularities, and illegalities concerning the matter upon which the reconsideration is sought other than those set forth in the petition for reconsideration."

[3] California Applicants' Attorneys Association (CAAA), whose members mostly represent industrially injured workers, has filed an amicus curiae brief in support of Norton.

## STANDARD OF REVIEW AND STATUTORY INTERPRETATION

A decision based on factual findings, which is supported by substantial evidence, is affirmed by the reviewing court, unless the findings are erroneous, unreasonable, illogical, improbable, or inequitable when viewed in light of the entire record and statutory scheme. (*Kleemann v. Workers' Comp. Appeals Bd.* (2005) 127 Cal.App.4th 274, 282 [25 Cal.Rptr.3d 448].) When the facts are undisputed, as in this case, the issue presented is a question of law. (*Medrano v. Workers' Comp. Appeals Bd.* (2008) 167 Cal.App.4th 56, 64 [83 Cal.Rptr.3d 802].) The application of law to undisputed facts or the interpretation of a governing statute is decided de novo by the reviewing court, although the WCAB's construction is entitled to great weight unless clearly erroneous. (*Ibid.*)

It is well settled that when legislation repeals a statutory right, the right normally ends with repeal unless vested pursuant to contract or common law. (*Governing Board v. Mann* (1977) 18 Cal.3d 819, 829–831 [135 Cal.Rptr. 526, 558 P.2d 1].) In workers' compensation, rights are purely statutory and not based on common law. Repeal thus ends the right, absent an express or implied savings clause. (*Beverly Hilton Hotel, supra*, 176 Cal.App.4th at pp. 1607–1608.) Rights end during litigation if statutory repeal occurs before final judgment, and there is no final judgment if an appeal is pending at the time of repeal. (*Governing Board, supra*, at pp. 829–831; *Beverly Hilton Hotel, supra*, at pp. 1604–1607.)

## DISCUSSION

### 1. *Repeal Ended Right to Pending Maintenance Allowance*

The County contends that Norton's right to vocational rehabilitation benefits ended with repeal of former section 139.5 because there was no final judgment awarding such benefits in this case. We examine the vocational rehabilitation orders, decisions and awards to determine what rights, if any, Norton retained after the repeal of former section 139.5.

In March 2007, the Unit determined that Norton's claim for vocational rehabilitation benefits was barred by the five-year statute of limitations. Norton appealed, and the WCJ reversed the Unit's determination and remanded the matter to the Unit in July 2007. The County then petitioned for reconsideration of the WCJ's order, and the WCAB denied reconsideration in September 2007. The County did not petition for writ of review of the WCAB's September 2007 denial of reconsideration, and so the WCJ's

decision remanding the issue of Norton's entitlement to vocational rehabilitation to the Unit became final.

However, the WCJ's July 2007 order only decided that Norton's claim was not barred by the five-year statute of limitations, and the WCAB's September 2007 denial of reconsideration did not constitute a final award of vocational rehabilitation benefits. The WCJ's order merely referred the matter back to the Unit "for a determination of the benefits that are due." The WCAB's jurisdiction to award vocational rehabilitation benefits in light of the later 2009 repeal of former section 139.5 was not an issue in 2007 and was not raised, tried or decided by the Unit, WCJ or WCAB. (See *National Convenience Stores v. Workers' Comp. Appeals Bd.* (1981) 121 Cal.App.3d 420, 424 [175 Cal.Rptr. 378].)

In 2008, Norton was awarded maintenance allowance by the Unit, and the County appealed that determination to the WCJ. The WCJ affirmed the Unit's award in the findings and order dated December 5, 2008. The County petitioned the WCAB for reconsideration on December 30, 2008. Reconsideration by the WCAB was still pending when former section 139.5 was repealed by operation of law on January 1, 2009.

The County contends that Norton's right to maintenance allowance ended because the awarded maintenance allowance never became part of a final judgment, and Norton's right to this maintenance allowance ended with repeal of former section 139.5. (*Beverly Hilton Hotel, supra*, 176 Cal.App.4th at pp. 1606–1607.) The WCAB agrees that it should have granted the County's petition for reconsideration, vacated the award of maintenance allowance, and found Norton's right to vocational rehabilitation benefits to have been completely extinguished by repeal of former section 139.5.

Norton, on the other hand, not surprisingly argues the WCJ's findings and order became final upon repeal of former section 139.5. However, he cites no authority for this proposition, and such an interpretation is contrary to the rules of statutory interpretation and the Legislature's intent to end inchoate rights to vocational rehabilitation by January 1, 2009. (*Beverly Hilton Hotel, supra*, 176 Cal.App.4th at pp. 1606–1610.)

■ Norton further argues that because the County failed to raise the repeal of former section 139.5 in its petition for reconsideration, the WCJ's findings and order are final. However, the petition for reconsideration was filed two days before repeal of former section 139.5, and the County was not required to raise the issue before repeal. (*Beverly Hilton Hotel, supra*, 176 Cal.App.4th at p. 1603.) The WCAB and this court are obligated to apply the law in effect at the time of decision. (*Id.* at p. 1606.)

That an employer might have been able to delay finality of an award for vocational rehabilitation benefits in order to take advantage of the repeal of former section 139.5 does not affect the applicable rule or the Legislature's intent. (*Beverly Hilton Hotel, supra,* 176 Cal.App.4th at p. 1607.) No authority has been cited that such conduct changes the outcome. Moreover, Norton himself delayed in waiting a year before filing for dispute resolution with the Unit.

### 2. *Maintenance Allowance Final Before Repeal*

■ Norton contends that because it was not appealed by the County, he is entitled to the maintenance allowance awarded at the "non-delay" rate of $246 per week from September 27, 2006, to August 28, 2007, which became final before repeal of former section 139.5. We agree.

■ It is a long-standing rule that a party may appeal from a specific part of a judgment, leaving all other parts in full force and not subject to jurisdiction of the reviewing court. (*G. Ganahl Lumber Co. v. Weinsveig* (1914) 168 Cal. 664, 667 [143 P. 1025] (*Ganahl Lumber Co.*).) An exception is made when the part of the judgment appealed is so interwoven and connected with, or so dependent upon, the remainder that reversal of the part appealed should extend to the entire judgment. (*Ibid.; Whalen v. Smith* (1912) 163 Cal. 360, 362–363 [125 P. 904] (*Whalen*).)

We must determine whether the County petitioned for reconsideration of all of the maintenance allowance or only a portion and, if only a portion, whether the portion not included in the petition for reconsideration is separable and, thus, became final prior to the repeal of former section 139.5. (See *Gonzales v. R. J. Novick Constr. Co.* (1978) 20 Cal.3d 798, 804–806 [144 Cal.Rptr. 408, 575 P.2d 1190]; *Ganahl Lumber Co., supra,* 168 Cal. at p. 667; *Whalen, supra,* 163 Cal. at pp. 363–364.) It is undisputed that the County petitioned for reconsideration on the issue whether Norton was a qualified injured worker entitled to maintenance allowance awarded from September 8, 2005, through September 26, 2006. As for the remaining period awarded, the County contends that petitioning for reconsideration of maintenance allowance at the temporary disability indemnity "delay" rate necessarily included maintenance allowance at the "non-delay" rate, and no part of the maintenance allowance award ever became final. We disagree.

Although Norton had to be medically eligible and had to choose to participate in vocational rehabilitation in order to receive maintenance allow-

ance under former section 139.5, subdivision (c), the findings and award in question included three distinct issues: (1) the award of maintenance allowance for the period September 8, 2005, through September 26, 2006; (2) the award of maintenance allowance at the temporary disability indemnity "delay" rate for the entire period under former sections 139.5, subdivision (d)(2) and 4642; and (3) the award of maintenance allowance at $246 per week for the period between September 27, 2006, and August 28, 2007, under former section 139.5, subdivision (d)(1).

The award of maintenance allowance at the "non-delay" rate of $246 per week from September 27, 2006, to August 28, 2007, was not included in the County's petition for reconsideration and presents a separable issue from the remainder of the award. We note the County previously settled *prospective* vocational rehabilitation services on an independent basis. Moreover, the WCJ expressly stated that the County was not disputing past maintenance allowance was owed and, in its petition for reconsideration, the County admitted that Norton was a "qualified injured worker," a status he would not have if he was not entitled to any rehabilitation benefits, thereby implicitly admitting he was entitled to *some* rehabilitation benefit.[4]

That part of the maintenance allowance award that the County did not include in its petition for reconsideration, i.e., maintenance allowance at the "non-delay" rate of $246 per week from September 27, 2006, to August 28, 2007, became final two days before the January 1, 2009, repeal of former section 139.5. The WCJ affirmed the Unit's award of maintenance allowance on December 5, 2008. The County petitioned for reconsideration on December 30, 2008, the last day on which it could file such a petition. The WCAB and this court are without jurisdiction to change that part of the maintenance allowance award not included in the County's petition for reconsideration, and which became final upon repeal of section 139.5 on January 1, 2009. (*Ganahl Lumber Co., supra,* 168 Cal. at p. 667; *Whalen, supra,* 163 Cal. at pp. 362–363.)

The award of maintenance allowance at the "non-delay" rate of $246 per week from September 27, 2006, to August 28, 2007, was not appealed and is therefore final.

---

[4] In its petition for reconsideration, the County contended that former section 139.5 did not provide for maintenance allowance at the temporary disability indemnity "delay" rate and that former section 4642 had been repealed. The County admitted that "Vocational rehabilitation indemnity should be allowed at the maximum rate of $246 per week set forth in Labor Code Section 139.5[, subdivision] (d)(1)."

## DISPOSITION

The award of maintenance allowance at $246 per week from September 27, 2006, to August 28, 2007, is affirmed. The remainder of the maintenance allowance award is reversed. The matter is remanded to the WCAB for further proceedings consistent with this opinion. The parties are to bear their own costs.

Bigelow, P. J., and Rubin, J., concurred.