[No. B239771. Second Dist., Div. One. Oct. 30, 2012.]

THE KROGER CO. et al., Petitioners, v.
WORKERS' COMPENSATION APPEALS BOARD and MIGUEL
RODRIGUEZ, Respondents.

COUNSEL

Bradford & Barthel and Louis A. Larres for Petitioners.

Law Offices of Shandler & Associates and Jaclyn Shandler for Respondent Miguel Rodriguez.

No appearance for Respondant Workers' Compensation Appeals Board.

OPINION

JOHNSON, J.—The Rehabilitation Unit of the Division of Workers' Compensation (Rehabilitation Unit) awarded an injured employee a vocational rehabilitation maintenance allowance on November 7, 2007. The employer,

The Kroger Co. (Kroger), through its adjuster, Sedgwick CMS (Sedgwick), filed its notice of appeal on November 27, 2007. However, the workers' compensation administrative law judge (WCJ) and the Workers' Compensation Appeals Board (WCAB) concluded that the appeal had not been perfected because Sedgwick had not also filed a "Declaration of Readiness to Proceed," a document which we describe more fully below.

Whether the appeal was perfected is crucial to the parties herein. As we explain in our opinion, the vocational rehabilitation program was repealed as of January 1, 2009. If an appeal of a decision of the Rehabilitation Unit was still pending as of January 1, 2009, that decision, not being final, could not be enforced after that date. On the other hand, if a decision of the Rehabilitation Unit entered prior to January 1, 2009, was final (and was not on appeal) before that date, the award is enforceable.

We conclude that the "Declaration of Readiness to Proceed" was not required to perfect the appeal from the decision of the Rehabilitation Unit and we therefore annul the WCAB's decision.

We granted the petition for review filed by Kroger and Sedgwick in order to set aside the WCAB's erroneous decision and also because the vitality of appeals taken from decisions of the Rehabilitation Unit prior to January 1, 2009, appears to surface from time to time, even though the scheme of vocational rehabilitation has been repealed. Why this issue can arise after the repeal of the underlying program is explained in our opinion.

## PROCEDURAL HISTORY

Respondent Miguel Rodriguez, while employed as a grocery manager, sustained an injury to his left knee on November 24, 1999, in the course and scope of employment. He apparently sustained a second injury on December 30, 1999; both injuries were admitted and involved as employer a predecessor or subsidiary of petitioner Kroger. Rodriguez filed two workers' compensation claims.

On November 7, 2007, the Rehabilitation Unit awarded Rodriguez a retroactive vocational rehabilitation maintenance allowance (VRMA) from March 10, 2000, the VRMA to continue beyond November 7, 2007. The notice of the award stated that an appeal of the award had to be filed within 20 days from the date the award was served.

On November 27, 2007, Sedgwick filed a document captioned "PETITION FOR APPEAL OF THE DETERMINATION OF THE REHABILITATION UNIT DATED NOVEMBER 7, 2007." This document is really more than a notice of appeal in that it sets forth at some length why the Rehabilitation Unit's award should be set aside. On the very next day, Sedgwick filed an amended petition for appeal of the determination of the Rehabilitation Unit in which it set forth in greater length its arguments on the merits of the appeal, with extensive documentation supporting the arguments.

On the same day that Sedgwick filed the aforesaid amended notice, i.e., on November 28, 2007, it filed, or attempted to file, a Declaration of Readiness to Proceed; following the usage of the parties, we will refer to this document as the "DOR." We say "attempted," in that the evidence is in conflict as to whether the DOR was actually filed. Since we conclude that the DOR was not required to perfect the appeal, it is of no moment when or whether the DOR was filed.

The DOR is a preprinted form on one page that in substance states, over counsel's signature, that the party filing the form is ready to proceed; the DOR also offers an opportunity to request a settlement or other like conference. It is much like the at issue memorandum in civil litigation and offers nothing of substance, other than the indication that the party filing the DOR is ready for the hearing or, as in this case, the hearing of the appeal.

The basis for filing a DOR when appealing a decision of the Rehabilitation Unit was California Code of Regulations, title 8, former section 10955 (former section 10955), which provided in part: "Appeals from decisions of the Division of Workers' Compensation Rehabilitation Unit or an arbitrator appointed pursuant to Labor Code Section 4645, subdivisions (b) and (c), shall be commenced as follows: [¶] (1) if an Application for Adjudication is already on file, by filing a Declaration of Readiness and a petition setting forth the reason for the appeal; [¶] (2) if no Application for Adjudication is on file, by filing an application, a Declaration of Readiness, and a petition setting forth the reason for the appeal."

The *statutory authority* for appealing the determination of the Rehabilitation Unit was Labor Code former section 4645, subdivision (d), which provided that "[a]ny determination or recommendation of the administrative director's vocational rehabilitation unit or by the arbitrator shall be binding unless a petition is filed with the appeals board within 20 days . . . ."

Returning to the procedural account of the case before us, on September 22, 2011, the matter came on for hearing before the WCJ. The sole issue to be decided was the timeliness of the appeal of the November 7, 2007 decision

of the Rehabilitation Unit. Sedgwick Attorney Brown was the only witness called. He testified that he directed that the appeal document was to be hand delivered and he acknowledged that a DOR was not filed with the original notice of appeal filed on November 27, 2007.

The WCJ concluded that the appeal was not timely or "proper." The WCJ noted in his opinion that the first notice of appeal, filed on November 27, 2007, was not accompanied by a DOR. The WCJ ruled that former section 10955 required the filing of a DOR. According to the WCJ, there was no clear indication that the DOR had ever been filed with the WCAB. This remained the WCJ's thinking upon the filing of the petition for reconsideration. In ultimately denying reconsideration, the WCAB rejected the challenge to former section 10955, ruling that former section 10955 was an appropriate exercise of the WCAB's authority to promulgate this rule.

## DISCUSSION

### I. *Vocational Rehabilitation*

"As part of the workers' compensation benefits, [Labor Code] section 139.5 was enacted in 1965 to provide for vocational rehabilitation programs in order to restore injured workers to suitable gainful employment for maximum self-support after their industrial injuries." (*Beverly Hilton Hotel v. Workers' Comp. Appeals Bd.* (2009) 176 Cal.App.4th 1597, 1604 [99 Cal.Rptr.3d 50] (*Beverly Hilton*).) However, Labor Code section 139.5 was repealed in 2004 and reenacted with the proviso that it would be in effect only until January 1, 2009, " 'and as of that date is repealed,' " unless that date would be extended by a statute enacted prior to January 1, 2009. (*Beverly Hilton*, at p. 1602, fn. 2.)

*Beverly Hilton, supra*, 176 Cal.App.4th 1597 aptly summarizes the net effect of the 2004 statutory enactments dealing with vocational rehabilitation: "In reenacting section 139.5, the Legislature added subdivision (k), which stated, 'This section shall apply only to injuries occurring before January 1, 2004.' It also added in subdivision (*l*), 'This section shall remain in effect only until January 1, 2009, and as of that date is repealed, unless a later enacted statute, that is enacted before January 1, 2009, deletes or extends that date.' [Citation.] There was no newly enacted statute, nor was the effective sunset date extended before January 1, 2009, or thereafter. The Legislature, in effect, preserved or saved vocational rehabilitation claims for nearly five years, but did not save nonfinal vocational rehabilitation rights as of or past January 1, 2009. As noted, although the Legislature provided for the possibility of a later statute that 'deletes or extends' that January 1, 2009 date, no such statute was ever enacted." (*Beverly Hilton*, at p. 1608.)

■ Vocational rehabilitation awards that were final by January 1, 2009, can be enforced but those that had not vested by that date, i.e., were not final by that date, cannot be awarded; neither the WCAB nor a court has the jurisdiction to award such rights. (*Beverly Hilton, supra*, 176 Cal.App.4th at pp. 1610–1611.)     ■     There is no need to reiterate the scholarly exposition in *Beverly Hilton* of the fundamental principle that the Legislature may revoke a statutory right, such as the right to vocational rehabilitation, in which case the revocation, barring a savings clause, extinguishes that right. (*Id.* at pp. 1604–1608.)

## II.  *The Ghost Statutes*

Labor Code former section 4645, which governed the timeliness of appeals from decisions of the Rehabilitation Unit, was repealed, along with a number of other provisions, in 2004. Former section 10955 has also been repealed. As is apparent, however, vocational rehabilitation continued to be available until 2009 for injuries that had occurred prior to January 1, 2004. (*Beverly Hilton, supra*, 176 Cal.App.4th at pp. 1610–1611.) Nonetheless, if, as could happen, an appeal was taken prior to January 1, 2009, these repealed provisions still have an important role to play.

The problem created by the repeal of statutes and rules that are necessary for the administration of the vocational rehabilitation program appears to have been resolved by means that are closer to the invocation of a literary device than to logic or precedent. The WCAB in *Godinez v. Buffets, Inc.* (2004) 69 Cal.Comp.Cases 1311 invoked Hamlet's ghosts that are " 'doomed for a certain term to walk the night' " and, having cited "the Bard," confidently concluded that statutes (and rules) that had been repealed in 2004 were " 'ghost statute[s]' " and therefore operational. (*Id.* at p. 1313; see *Beverly Hilton, supra*, 176 Cal.App.4th at pp. 1610–1611, citing, inter alia, Hamlet, act 1, scene 5.) The appellate courts have adopted this approach and have followed it. (*Godinez*, at p. 1313; *Beverly Hilton*, at pp. 1610–1611.)

It is not for us to commit a literary solecism and reject the concept of ghost statutes. All the same, a more pedestrian, if not a more appropriate, rationale is to adopt the repealed statutes and provisions as rules of decision to be used by the courts.[1] In any event, whether as ephemeral apparitions or rules of decision, former section 10955 and Labor Code former section 4645 apply to this case.

---

[1] Rules of decision are based on, and arise from, common law. (Civ. Code, § 22.2; see generally 9 Witkin, Cal. Procedure (5th ed. 2008) Appeal, § 484, pp. 544–545.)

III. *The Appeal Was Perfected by the Notice Filed on November 27, 2007*

The WCJ did not find, and apparently it was not contended, that, considered by itself, there was any defect in the notice of appeal filed on November 27, 2007. In fact, it was not defective. It was clear and unambiguous and more complete than some, in that it also stated the grounds for the appeal. And it is also true that the notice filed on November 27, 2007, was timely.

The WCJ's conclusion, adopted by the WCAB, was that former section 10955, which was an administrative regulation, imposed the further *jurisdictional* requirement of filing a DOR.[2] This conclusion does not square with usage, common understanding or logic; nor is it supported by the text of former section 10955.

Usage is that an appeal has been taken when the notice of appeal has been filed. While a number of additional documents are required for an appeal, once the notice of appeal has been filed, the appeal has been perfected. That is, the taking of the appeal is signaled by the filing of the notice of the appeal. As Witkin puts it, an appeal is perfected when the notice of appeal is filed. (9 Witkin, Cal. Procedure, *supra*, Appeal, § 17, p. 78.)

Common understanding is no different. In our opinion, to say that a notice of appeal is defective because the notice designating the record, required by rule 8.121 of the California Rules of Court to be filed 10 days after the notice of appeal, is late or has not been filed is not a reasonable position. If the notice designating the record is late, that defect must then be cured; the notice of appeal is not voided by the lateness of the notice designating the record. It would be chaotic if a notice of appeal would become inoperative because another document was not filed on time or was defective.

The WCJ's conclusion that former section 10955 imposed a jurisdictional requirement suffers from several deficiencies. It is neither practical nor reasonable, in the first place, to give former section 10955 a *jurisdictional* effect. While the failure to file a DOR might have ultimately resulted in staying the appeal until the defect was cured, or perhaps might have led to a sanction, it is quite another matter to state that the failure to file this declaration automatically leads to a voiding of the appeal. In fact, it is unprecedented in the realm of appellate procedure that failing to file a supporting document, such as the notice designating the record, irremediably voids the appeal. It is only when such a defect has not been cured, after

---

[2] We are not bound by determinations of questions of law by the WCAB (*Dimmig v. Workmen's Comp. Appeals Bd.* (1972) 6 Cal.3d 860, 864–865 [101 Cal.Rptr. 105, 495 P.2d 433]) and determine de novo questions of statutory interpretation (*Western Growers Ins. Co. v. Workers' Comp. Appeals Bd.* (1993) 16 Cal.App.4th 227, 233 [20 Cal.Rptr.2d 26]).

notice of the defect, that the sanction may be a dismissal. Even then, however, the appeal may be reinstated after the defect is cured.

Ascribing to the DOR a jurisdictional effect makes even less sense when one considers what the DOR contains. It is nothing more than an indication that the party filing the DOR is ready to proceed with the hearing. The conceptual connection between the perfection of the appeal by filing a notice of appeal and a party's indication that the party is ready for the hearing escapes us; there is no such connection.

■ The WCJ reasoned that the DOR was (or is) essential because failure to file the DOR "would necessarily cause delay that [section] 10955 was meant to minimize." Even assuming that this was the purpose of former section 10955, there is absolutely nothing in the text of former section 10955, or any other provision that we know of, that warns the unwary litigator that the failure to file this routine form will result in the irremediable loss of the right to appeal. Significantly, neither the WCJ nor the WCAB cited any authority, whether statute, rule or even a WCAB decision, for the proposition that former section 10955 was (or is) a rule with a savagely jurisdictional effect. There are, in fact, ways of expediting appeals, as we have reason to know, other than dismissing them irrevocably over technicalities.

■ While former section 10955 stated how an appeal is "commenced," it is perfectly plausible to say that an appeal commences *after* it has been perfected. That is, former section 10955 spelled out the documents that supported an existing appeal, much like the notice to designate the record in a civil appeal. It simply does not follow from this that if there was no DOR, the notice of appeal was jurisdictionally defective. From a pragmatic perspective, a defect in the former section 10955 documents could in most cases be cured; former section 10955 imposed no time limits and allowed the appellant to set the pace of the appeal. If a defect can be cured, it makes no sense to impose the draconian, even punitive, sanction of a dismissal of the appeal.

In sum, we find the WCJ's and the WCAB's theory that former section 10955 operated jurisdictionally to invalidate an otherwise valid notice of appeal to be completely without merit.

Since the parties have spilled a great deal of ink over the questions whether former section 10955 conflicts with Labor Code former section 4645 and whether the WCAB had the authority to promulgate former section 10955, we close with the observations that, as we construe former section 10955, it does not conflict with Labor Code former section 4645 and that the WCAB certainly had the authority to promulgate former section 10955.

## DISPOSITION

The appeal taken on November 27, 2007, is deemed to be effective. Accordingly, the decision of the Workers' Compensation Appeals Board is annulled and the cause is remanded with direction to vacate the award of vocational rehabilitation allowance entered on November 7, 2007. The parties are to bear their own costs in these proceedings.

Rothschild, Acting P. J., and Chaney, J., concurred.

The petition of respondent Miguel Rodriquez for review by the Supreme Court was denied February 13, 2013, S207267.