Filed 3/17/21  Dog & Rooster v. Green CA4/1

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## COURT OF APPEAL, FOURTH APPELLATE DISTRICT

## DIVISION ONE

## STATE OF CALIFORNIA

| | |
|---|---|
| DOG & ROOSTER, INC., | D077102 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2019-00031852-CU-DF-CTL) |
| TODD GREEN, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, John S. Meyer, Judge.  Vacated in part and remanded with directions.

Procopio, Cory, Hargreaves & Savitch, Mindy M. Morton and Jacob Poorman for Defendant and Appellant.

Law Office of Michael A. Alfred and Michael A. Alfred for Plaintiff and Respondent.

Defendant Todd Green appeals from an order of the trial court denying in part his special motion to strike the complaint of plaintiff Dog & Rooster, Inc. (D&R).  The court ruled that two of the causes of action were a "SLAPP" and struck them pursuant to Code of Civil Procedure section 425.16 (at times,

anti-SLAPP statute; further unidentified statutory references are to the Code of Civil Procedure).[1] As relevant to the appeal, the court also denied Green's anti-SLAPP motion as to the second, third, fifth, and sixth causes of action for, according to the complaint, "libel," "trade libel," "negligent interference with prospective economic advantage," and "injunctive relief." The trial court erred.

The trial court ruled that Green met his initial burden to establish that the claims in the complaint arose from activity protected by the anti-SLAPP statute, and D&R does not argue otherwise on appeal. Thus, all that is before the court in this appeal is whether—with regard to each of the four causes of action not stricken by the trial court—D&R met its responsive burden of stating a legally sufficient claim and making a prima facie factual showing sufficient to sustain a favorable judgment.

As we explain, for purposes of establishing libel, D&R did not plead or present evidence of negligence; for purposes of establishing trade libel, D&R did not present evidence of malice; and for purposes of negligent interference with prospective economic advantage, D&R did not present evidence that, at the time of the allegedly defamatory statement(s), Green knew (or should have known) of any specific economic relationship between D&R and an identified third party. As to these three causes of action, therefore, D&R did not meet its responsive burden in the anti-SLAPP proceedings, and the trial court erred in concluding otherwise.

---

[1]  " ' "SLAPP" is an acronym for "strategic lawsuit against public participation." ' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 938, fn. 5 (*Sweetwater Union*).) The anti-SLAPP statute, section 425.16, sets forth the standards and the procedure for striking a cause of action in a SLAPP. (*Sweetwater Union*, at p. 940.)

Finally, because injunctive relief is a remedy—not a cause of action or claim or otherwise a protected activity under the anti-SLAPP statute—the allegations related to injunctive relief are not subject to being stricken under the anti-SLAPP statute. However, on appeal, D&R agreed with the trial court's ruling that injunctive relief is "purely a remedy" and, on that basis, any "issue [regarding the allegations for injunctive relief is] off the table."

Accordingly, we will vacate that portion of the order denying Green's anti-SLAPP motion and direct the trial court to enter orders (1) granting Green's anti-SLAPP motion as to the second, third, and fifth causes of action for libel, trade libel, and negligent interference with prospective economic advantage, respectively, and (2) to dismiss the action.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

D&R is, and at all relevant times was, a web design company, doing business in San Diego since approximately 2001. According to its principal, prior to entering into a web design contract with Green, D&R was "highly ranked on Google search" and enjoyed "a perfect reputation."

In June 2017, Green, who was in the process of launching a new business, WCC Tour Company LLC dba West Coast Cannabis Tours (WCC), hired D&R to design a logo and the website for the business.[3] In this regard,

_____

[2] Given the procedural posture of the case in the trial court, which we describe in the text, *post*, our statement of facts is necessarily limited to the allegations in the complaint and the evidence submitted in support of and in opposition to the anti-SLAPP motion. We have disregarded all factual statements in the parties' appellate briefs that are presented without record references (*Delta Stewardship Council Cases* (2020) 48 Cal.App.5th 1014, 1079; Cal. Rules of Court, rule 8.204(a)(1)(C)); and there are many.

[3] WCC used a dba of "West Coast Cannabis Tours." Although both parties tell us, without a record reference, that WCC was "a cannabis touring

3

on June 14, 2017, WCC, through Green as its chief executive officer, entered into a "Service & Development Agreement" with D&R ("Agreement").  The Agreement consists of four single-spaced typewritten pages of terms and conditions, followed by four typewritten pages of 11 separately described phases or stages of "Service Detail."

Green testified:  "I had a bad experience with the service and product produced by D&R," and "[b]ecause of my bad experiences, I wanted to warn other consumers about [D&R's] deceptive practices and bad work product." By the end of 2017, Green was convinced that he "would not be able to get a working website from D&R."  Thus, beginning in late 2017 and continuing through at least November 2018, Green posted a number of reviews of D&R, including what D&R describes as "multiple untruthful comments on multiple social media platforms" such as "Yelp.com" and "the Better Business Bureau website."

Green acknowledges posting many of the reviews and one-star ratings that D&R alleges in its complaint.  He contends that the statements he posted were either "substantially true" (if asserted as a statement of fact) or his "opinion" (if not asserted as a statement of fact).

On appeal, the parties discuss, and dispute the effect of, one post in particular—i.e., a November 30, 2018 "Complaint" regarding D&R, which Green acknowledges having posted on the Better Business Bureau's website.[4]  In its complaint, D&R alleges as follows regarding this post:

business," neither party describes what a cannabis touring business does, and Green does not explain what WCC did or was intended to do.

[4]     By limiting our presentation to only one of the alleged instances of a defamatory statement, we do not discount or minimize the other alleged instances.  However, since an understanding of each alleged defamatory

4

> [D&R] is informed and believes and thereon alleges that on or about November 30, 2018, Green posted a negative review on the Better Business Bureau website claiming, among other things, that the errors or problems with Green's website were due to [D&R's] 'incorrect and sloppy code'; [D&R] 'didn't know what they were doing' with respect to enabling a hotel booking function on Green's website; [D&R] intentionally disclosed and announced Green's disability to its employees with[out] Green's consent."

Green submitted a copy of this post as exhibit No. 4 in support of his anti-SLAPP motion, and it provides in full:

> "I had purchased a full website build from Dog and Rooster to try to start a company. After many months and limitation issues that Dog and Rooster ran into that they were not previously aware due to our industry, we ended up not getting the product we were promised. Tons of incorrect and sloppy code that slowed the site down and had elements like buttons etc hidden on the page (errors). I paid the entire amount of the contract by a certain period, and based on the contract, the site was supposed to be ours at that point, but because they weren't quite done yet they decided to remove the site and try to make me sign another contract just because I adjusted some spelling errors. They even put other companies files on our backend of our website, one of them was a schools information and invoice. We were supposed to be able to book hotels on our site, that never happened because they didn't know what they were doing. And to top it off, I decided to put 1 review on yelp and so the owner of Dog and Rooster (Jack ****), decided to put multiple FAKE reviews on my brand new business that had zero starts because we were literally developing it through this first website build. So needless to say my

---

statement is not necessary given our disposition of the appeal (see Discussion, pt. II., *post*), we focus on the November 2018 Better Business Bureau post as an example of what both parties acknowledge is a post that Green made within one year prior to the filing of D&R's complaint.

company was at 1 star right off the bat. I ended up disputing the reviews with google and yelp and then ultimately discussing with Dog and Rooster to remove the reviews, however I also had to remove my honest review. I also mentioned to the owner to put things in writing for me because I have ADD and he had a very very strong accent so it was hard to grasp everything he says. Well later he decided to send an email to his employees that 'because I have ADD I don't understand contracts'. No strategy or sales funnel was even designed. This owner is 100% in breach of contract, but to pay attorney fees in litigation to get my $8500 back was advised against by the attorneys because it will cost more than that to litigate[.]" (*Sic.*)

In June 2019, D&R filed the underlying action against Green. Based on the parties' relationship from and after the June 2017 Agreement, D&R alleged the following six "causes of action" against Green: "breach of contract"; "libel"; "trade libel"; "intentional interference with prospective economic advantage"; "negligent interference with prospective economic advantage"; and "injunctive relief."

Green responded by filing an answer and an anti-SLAPP motion to strike the complaint. In support of the motion, he submitted a memorandum of points and authorities and two declarations (one with exhibits).

D&R opposed the motion by filing a memorandum of points and authorities and three declarations (each with exhibits).

Green replied to the opposition by filing a memorandum of points and authorities and 33 objections to the evidence D&R had submitted.

In October 2019, the court entertained oral argument on Green's anti-SLAPP motion.[5] By written order, the court granted in part and denied

---

[5] The proceedings were not reported. (See fn. 6, *post*.)

6

in part the motion—striking the causes of action for breach of contract and intentional interference with prospective economic advantage, and allowing the causes of action for libel, trade libel, negligent interference with prospective economic advantage, and injunctive relief to proceed (anti-SLAPP Order). The trial court did not rule on Green's evidentiary objections.

Green timely appealed from the anti-SLAPP Order.[6]

## II.  DISCUSSION

On appeal, Green argues that the trial court erred in denying his anti-SLAPP motion to strike the causes of action for libel, trade libel, and negligent interference with prospective economic advantage. In addition, he contends the court erred in not striking the allegations seeking injunctive relief, because injunctive relief is a remedy, not a cause of action. As we explain, we agree that each of the three causes of action should be stricken, because D&R did not meet its responsive burden under the anti-SLAPP statute to establish a prima facie factual showing sufficient to sustain a favorable judgment as to any of those claims. As we further explain, since

---

[6]     In designating his record on appeal, for purposes of a record of the oral proceedings on the motion, Green chose to proceed by way of a settled statement. (Cal. Rules of Court, rule 8.137.) In response to Green's timely proposed settled statement, the trial court ruled in full: "Oral argument at the motion hearing is not evidence. The tentative ruling adopted by the [anti-SLAPP O]rder is an appropriate settled statement." (Capitalization omitted.)

A settled statement is "a summary of the superior court proceedings approved by the superior court." (Cal. Rules of Court, rule 8.137(a).) Contrary to the court's ruling here, the purpose of a settled statement is not to provide *evidence* for the appellate record. Its purpose is " 'to ensure that the record transmitted to the reviewing court preserves and conforms to the proceedings actually undertaken in the trial court.' " (*People v. Virgil* (2011) 51 Cal.4th 1210, 1266.)

7

(1) all of the causes of action will be stricken after a proper application of the anti-SLAPP statute, and (2) at oral argument, counsel for D&R told us that, based on the trial court's ruling, "the issue [regarding the allegations for injunctive relief is] off the table," nothing remains of D&R's complaint; and, for this reason, the action should be dismissed.

Section 425.16, subdivision (b)(1) provides in full: "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim."

In applying this statute, a court generally is required to engage in a two-step process. " 'First, the defendant must establish that the challenged claim arises from activity protected by section 425.16.' " (*Sweetwater Union, supra,* 6 Cal.5th at p. 940.) " 'If the defendant makes the required showing, the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success.' " (*Ibid.*) " 'Only a cause of action that satisfies *both* prongs of the anti-SLAPP statute—i.e., that arises from protected speech or petitioning *and* lacks even minimal merit—is a SLAPP, subject to being stricken under the statute.' " (*Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820 (*Oasis West*).)

We review de novo the grant of an anti-SLAPP motion. (*Sweetwater Union, supra*, 6 Cal.5th at p. 940.)

A.    *Prong One—Whether D&R's Claims Arise from Protected Activity*

For purposes of the threshold determination of whether the challenged cause of action is one arising from "protected activity," a person's "protected

8

activity" is "any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1).) The anti-SLAPP statute defines subdivision (b)(1)'s " 'act in furtherance of a person's right of petition' " to include "any written or oral statement or writing made in . . . a public forum in connection with an issue of public interest." (§ 425.16, subd. (e)(3).)

The trial court ruled that Green met his initial burden of establishing that all the claims in the complaint arose from activity protected by the anti-SLAPP statute. On appeal D&R does not challenge this ruling.[7] Accordingly, we express no opinion on the prong one issue and now consider the prong two issues raised by the parties on appeal.

B.    *Prong Two—Probability of D&R's Success*

In determining whether a plaintiff meets its responsive burden under the second prong of the test under the anti-SLAPP statute, "the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based." (§ 425.16, subd. (b)(2); see *Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067 [in an anti-SLAPP appeal, "we may consider affidavits concerning the facts upon which liability is based"].) In doing so, " '[t]he court does not

---

[7]    D&R's brief on appeal has a point heading entitled, "Green's false BBB review is not protected speech." (Bolding omitted.) However, in the Table of Contents, the point heading is entitled, "False BBB Review Is Stated With Specificity" (bolding omitted); and, the one-page argument discusses only alleged falsities in Green's posts without any mention of protected speech or the anti-SLAPP statute. More to the point, under a different point heading entitled, "Trial court ruled properly on the pleadings" (bolding omitted), D&R expressly argues "that the court did not commit errors with its ruling."

weigh evidence or resolve conflicting factual claims. Its inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing sufficient to sustain a favorable judgment. It accepts the plaintiff's evidence as true, and evaluates the defendant's showing only to determine if it defeats the plaintiff's claim as a matter of law.' " (*Sweetwater Union*, *supra*, 6 Cal.5th at p. 940, quoting *Baral v. Schnitt* (2016) 1 Cal.5th 376, 384-385 (*Baral*); accord, *Oasis West, supra*, 51 Cal.4th at p. 820; *Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 269, fn. 3 (*Soukup*).)

Courts have described this procedure as a "motion for summary judgment in 'reverse.' Rather than requiring the *defendant* to defeat the plaintiff's pleading by showing it is legally or factually meritless, the motion requires the *plaintiff* to demonstrate that he possesses a legally sufficient claim which is 'substantiated,' that is, supported by competent, admissible evidence." (*College Hospital, Inc. v. Superior Court* (1994) 8 Cal.4th 704, 719 (*College Hospital*); accord, *Baral, supra*, 1 Cal.5th at p. 384 [" 'summary-judgment-like-procedure' "]; *Tichinin v. City of Morgan Hill* (2009) 177 Cal.App.4th 1049, 1062 ["a standard 'similar to that employed in determining nonsuit, directed verdict or summary judgment motions' "]; *Yu v. Signet Bank/Virginia* (2002) 103 Cal.App.4th 298, 317 ["plaintiff's burden as to the second prong of the anti-SLAPP test is akin to that of a party opposing a motion for summary judgment"], disapproved on other grounds in *Newport Harbor Ventures, LLC v. Morris Cerullo World Evangelism* (2018) 4 Cal.5th 637, 644-645.) Consistent with this summary-judgment-like procedure, the court "must draw all reasonable inferences from the evidence in favor of [the party opposing the anti-SLAPP motion]." (*Lee v. Kim* (2019) 41 Cal.App.5th 705, 720.)

10

Despite the authority that says the plaintiff's evidence in opposition to the anti-SLAPP motion must be admissible at trial (e.g., *College Hospital, supra*, 8 Cal.4th at p. 719; *Sweetwater Union, supra*, 6 Cal.5th at p. 946 [collecting cases]), "evidence may be considered at the anti-SLAPP motion stage if it is *reasonably possible* the evidence set out in supporting affidavits, declarations or their equivalent will be admissible at trial" (*Sweetwater Union*, at p. 947, italics added). "Conversely, if the evidence relied upon *cannot* be admitted at trial, because it is categorically barred or undisputed factual circumstances show inadmissibility, the court may not consider it *in the face of an objection.*" (*Id.* at p. 949, second italics added.)

Throughout his appellate briefing, Green suggests that specified evidence submitted by D&R is inadmissible. However, " ' "[w]here the court, through inadvertence or neglect, neither rules nor reserves its ruling [on an evidentiary objection,] . . . the party who objected must make some effort to have the court *actually rule.* If the point is not pressed and is forgotten, [the objecting party] may be deemed to have waived or abandoned [or forfeited] it, just as if he had failed to make the objection in the first place." ' " (*People v. Braxton* (2004) 34 Cal.4th 798, 813.) More specifically, in an anti-SLAPP appeal, our Supreme Court has directed that, where the trial court does not rule on evidentiary objections and the record does not reveal that the objecting party pressed for a ruling, the evidentiary "objections are therefore deemed forfeited and we consider [the potentially inadmissible] declarations in their entirety." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 306, fn. 4 (*Flatley*); accord, *Soukup, supra,* 39 Cal.4th at p. 291, fn. 17 [evidentiary objections are waived if no ruling is obtained at the hearing on an anti-SLAPP motion].)

In the present case, the trial court failed to rule on Green's evidentiary

objections; and the court's failure to provide the requested settled statement leaves us with a record in which Green did not pursue a ruling. Accordingly, Green forfeited appellate review of all of his evidentiary objections (*Flatley*, *supra*, 39 Cal.4th at p. 306, fn. 4; *Soukup*, *supra*, 39 Cal.4th at p. 291, fn. 17); and, for this reason, all of the evidence in the record on appeal is properly before us (see Cal. Law Revision Com. com., 29B pt. 1A West's Ann. Evid. Code (2011 ed.) foll. § 140 [definition of "evidence"], p. 27 ["Thus, when [inadmissible evidence] is admitted without objection, . . . it constitutes evidence that may be considered by the trier of fact."]).

Consistent with his burden on appeal, Green argues that D&R did not meet its responsive prong two burden in the trial court as to each of the causes of action. We necessarily discuss each cause of action separately.

1. *Libel*

Defamation is an injury to reputation, and the elements of a claim for defamation are: (1) A publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage. (*Taus v. Loftus* (2007) 40 Cal.4th 683, 720; see 5 Witkin, Summary of Cal. Law (11th ed. 2017) Torts § 623, p. 861.) Civil Code section 44 provides that defamation can be of two types, libel or slander. As applicable here, libel is "a false and unprivileged publication by writing, . . . which exposes any person to hatred, contempt, ridicule, or obloquy, or which causes him to be shunned or avoided, or which has a tendency to injure him in his occupation." (Civ. Code, § 45.)

On appeal, Green argues that proof of libel requires, at a minimum, evidence that the defendant failed to exercise reasonable care in determining the truth or falsity of the statement(s) at issue. He further argues that D&R neither alleged negligence in its complaint nor presented evidence of

negligence in its opposition to Green's anti-SLAPP motion. We agree with both of Green's arguments.

In *Gertz v. Robert Welch, Inc.* (1974) 418 U.S. 323, the United States Supreme Court held that the states could define for themselves the standard of liability for defamation of private individuals, so long as the states did not impose liability without fault. (*Id.* at p. 347.) In this regard, our state Supreme Court ruled that *negligence* was the standard in California: "We decline to diverge from the near unanimous authority that a private person need prove only negligence (rather than malice) to recover for defamation."[8] (*Brown v. Kelly Broadcasting Co.* (1989) 48 Cal.3d 711, 742 (*Brown*); accord, *Comedy III Productions, Inc. v. Gary Saderup, Inc.* (2001) 25 Cal.4th 387, 398 [to prove libel, a private figure must prove the defendant, at a minimum, *negligently* made the statements]; *Khawar v. Globe Internat., Inc.* (1998) 19 Cal.4th 254, 274 ["[T]his court has adopted a negligence standard for private figure plaintiffs seeking compensatory damages in defamation actions."].)

Applying this ruling in *Carney v. Santa Cruz Women Against Rape* (1990) 221 Cal.App.3d 1009 (*Carney*), for example, the appellate court reversed a libel judgment in favor of the private party plaintiff, because the trial court failed to instruct the jury to determine "whether [the defendant] acted with reasonable care in checking on the truth or falsity of the information before publishing it in its newsletter." (*Id.* at p. 1016.) Consistently, CACI No. 1702 provides in part that, to establish a claim of

---

8    This is in contrast to a public official or public figure, who, in order to recover for defamation, must establish the defendant made the allegedly defamatory statement with " 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." (*New York Times Co. v. Sullivan* (1964) 376 U.S. 254, 279-280.)

13

defamation per se, a private party plaintiff (like D&R here) "must prove" that the defendant "failed to use reasonable care to determine the truth or falsity of the statement(s)."

In its complaint in the present case, D&R did not allege that Green failed to use reasonable care to determine the truth or falsity of the statements D&R alleged to be libelous. In its opposition to Green's anti-SLAPP motion, D&R neither argued that Green was negligent nor presented evidence which, if accepted as true, would support a favorable judgment under *Carney*, *supra*, 221 Cal.App.3d at page 1016.

On appeal, D&R does not deny that, in its opposition to the anti-SLAPP motion, it did not present facts that would support a finding that Green failed to use reasonable care to determine the truth or falsity of the allegedly defamatory statements. Instead, D&R relies on the following statement and finding of the trial court in the anti-SLAPP Order: "There is evidence to support actual malice. According to [D&R's expert web designer and programmer], someone has tampered with the website."[9] We are not persuaded because, very simply, evidence of the defendant's *malice* is not evidence of the defendant's *negligence*.

In *Carney*, *supra*, 221 Cal.App.3d 1009, the plaintiff alleged that the defendant libeled him by publishing in a newsletter that he had assaulted and attempted to rape a specified victim. (*Id.* at p. 1013.) At trial, the court

---

[9]    The trial court made this ruling in its application of the evidence D&R submitted to support the cause of action for trade libel, not libel. We will assume without deciding that, for both torts, the standard for establishing malice is the same. As we explain at part II.B.2., *post*, D&R also relies on this statement and finding with regard to its evidence in support of trade libel.

14

instructed the jury that the plaintiff was required to prove the defendant "acted with 'actual malice,' " further instructing in part that " '[t]he defendant acted with malice if it acted with hatred or ill will towards the plaintiff[.]' " (*Id*. at p. 1016.) As we explained, *ante*, this statement of the law is wrong; "the jury should have considered whether [the defendant] acted with reasonable care in checking on the truth or falsity of the information before publishing it in its newsletter." (*Ibid*., citing *Brown, supra*, 48 Cal.3d at p. 749; Rest.2d Torts, § 580B, pp. 227-228.) On appeal, the plaintiff argued that such an error was harmless because "the instruction [on malice] required proof of a higher degree of fault than negligence." (*Carney*, at p. 1017.) Rejecting this argument, the court explained: "[T]he portion of the instruction referring to 'hatred or ill will' is not necessarily a higher degree of fault than negligence. That a libel defendant acts with hatred or ill will does not automatically establish that the defendant fails to exercise reasonable care in determining whether a communication is untrue." (*Ibid*.) Accordingly, even if we assume without deciding that the record contains evidence to support the trial court's finding that Green acted with malice, D&R nonetheless did not present any evidence to support a finding that Green failed to exercise reasonable care in determining the truth or falsity of the allegedly defamatory statements.

For these reasons, with regard to its cause of action for libel, D&R did not meet its prong two responsive burden to Green's anti-SLAPP motion; and the trial court erred in ruling to the contrary.

2. *Trade Libel*

"Trade libel is an intentional disparagement of the quality of services or product of a business that results in pecuniary damage to the plaintiff." (*J-M*

15

*Manufacturing Co., Inc. v. Phillips & Cohen LLP* (2016) 247 Cal.App.4th 87, 97 (*J-M Manufacturing*).)

On appeal, Green argues that, to prove trade libel, "the owner or distributor of the product is required to produce clear and convincing evidence the defendant acted with actual malice." (*Melaleuca, Inc. v. Clark* (1998) 66 Cal.App.4th 1344, 1350.) Green further argues that, in this context, "actual malice" requires proof that the defendant made the defamatory statement "with knowledge it was false or with reckless disregard for whether it was true or false." (*J-M Manufacturing, supra*, 247 Cal.App.4th at p. 97.) Consistently, CACI No. 1731 includes as an essential factual element of a claim for trade libel that the defendant either "knew that the statement was untrue" or "acted with reckless disregard of the truth or falsity of the statement." (See also Rest.2d Torts, §§ 623A, 626, pp. 334-342, 345-347.) These authorities support Green's position on appeal.

In its complaint, in a paragraph seeking punitive damages, D&R alleged that Green published the allegedly libelous statements "with malice and/or oppression and/or fraud in that [he] knew said publication would damage [D&R's] reputation[.]" Even if we assume that such an allegation would suffice for the "actual malice" required to state a claim for trade libel,[10] in its opposition to Green's anti-SLAPP motion, D&R neither argued nor presented evidence which, if accepted as true, would support a finding that Green published his statements with knowledge they were false or with reckless disregard for their truth or falsity.

On appeal, D&R does not refer to any argument or showing that it had made in the trial court as to actual malice; and our independent review of the

[10]    We make no such ruling.

16

record confirms that the word "malice" does not appear in the more than 170 pages of argument and evidence D&R submitted in opposition to Green's anti-SLAPP motion. Instead, consistent with its argument as to libel (see pt. II.B.1., *ante*), D&R relies on the following statement and finding in the anti-SLAPP Order: "There is evidence to support actual malice. According to [D&R's expert web designer and programmer], someone has tampered with the website."

Tampering with the website, however, is not evidence (or an inference from evidence) that Green made each alleged statement "with knowledge it was false or with reckless disregard for whether it was true or false," as required by substantive California law. (*J-M Manufacturing, supra,* 247 Cal.App.4th at p. 97.) In addition, even once we accept, as we must, the truth of the expert witness's above-quoted declaration testimony, the evidence establishes only that " '*someone other than* [*D&R*] added more than 30 useless plug-ins to Green's website.' " (Italics added.) This evidence does not support a finding that *Green* was responsible for having added the plug-ins.

For these reasons, with regard to its cause of action for trade libel, D&R did not meet its prong two responsive burden to Green's anti-SLAPP motion; and the trial court erred in ruling to the contrary.

17

3.   *Negligent Interference with Prospective Economic Advantage*[11]

The elements of a cause of action for negligent interference with prospective economic advantage are:  "(1) the existence of a valid contractual relationship or other economic relationship between the plaintiff and a third party containing the probability of future economic benefit to the plaintiff; (2) the defendant's knowledge (actual or construed) of the relationship; (3) the defendant's knowledge (actual or construed) that the relationship would be disrupted if the defendant failed to act with reasonable care; (4) the defendant's failure to act with reasonable care; (5) actual disruption of the relationship; and (6) resulting economic harm."  (*Nelson v. Tucker Ellis, LLP* (2020) 48 Cal.App.5th 827, 844, fn. 5, citing *Venhaus v. Shultz* (2007) 155 Cal.App.4th 1072, 1077-1078 [applying CACI No. 2204].)

In his opening brief on appeal, Green argues that, as part of its prong two showing, D&R failed to proffer evidence of at least the following two elements of the cause of action:  (1) The existence of an economic relationship between D&R and a third party that contained the probability of future economic benefit to D&R and, therefore, (2) Green's knowledge of such a relationship.  The record on appeal supports Green's argument, and as we explained at footnote 11, *ante*, D&R does not argue otherwise.

---

[11]   In the trial court D&R did not oppose, and on appeal D&R does not oppose, that part of Green's anti-SLAPP motion directed to its cause of action for negligent interference with prospective economic advantage.  We do not consider this omission an admission of error.  As the appellant, Green still has the burden of establishing reversible error, regardless of the participation by the respondent, D&R.  (See *County of San Diego Dept. of Child Support Services v. C.P.* (2019) 34 Cal.App.5th 1, 7, fn. 7 [no respondent's brief filed on appeal].)

18

Thus, with regard to its cause of action for negligent interference with prospective economic advantage, D&R did not meet its prong two responsive burden to Green's anti-SLAPP motion; and the trial court erred in failing to rule accordingly.

4. *Injunctive Relief*

In its complaint, D&R alleges a "Sixth Cause of Action" for "Injunctive Relief," in which D&R "seeks an injunction against [Green] to prevent [his] continual posting of online reviews containing false statements." (Bolding and some capitalization and underscoring omitted.) In this regard, the trial court properly ruled that an injunction is an equitable remedy, not a cause of action. (*Shell Oil Co. v. Richter* (1942) 52 Cal.App.2d 164, 168 ["Injunctive relief is a remedy and not, in itself, a cause of action, and a cause of action must exist before injunctive relief may be granted."]; *Venice Coalition to Preserve Unique Community Character v. City of Los Angeles* (2019) 31 Cal.App.5th 42, 54 ["An injunction is a remedy, not a cause of action."]; *Wong v. Jing* (2010) 189 Cal.App.4th 1354, 1360, fn. 2 (*Wong*) [same; anti-SLAPP appeal]; see generally 6 Witkin, Cal. Procedure (5th ed. 2008) Provisional Remedies, § 274, pp. 217-218.)

Because "[t]he anti-SLAPP statute applies only to 'causes of action' "[12] (*Wong, supra*, 189 Cal.App.4th at p. 1360, fn. 2 [citing § 425.16, subd. (b)(1)]),

---

[12]    "[T]he term 'cause of action' . . . has various meanings"—e.g., "distinct claims for relief as pleaded in a complaint" or "a legal claim possessed by an injured person, without reference to any pleading." (*Baral, supra*, 1 Cal.5th at p. 381 [anti-SLAPP appeal].)  "[D]espite the imprecision that may result from the various connotations of the term 'cause of action,' its meaning is generally evident in context." (*Id.* at p. 382, fn. 2.)  "[T]he Legislature used 'cause of action' in a particular way in section 425.16[, subdivision ](b)(1), targeting only claims that are based on the conduct protected by the statute. . . .  While an anti-SLAPP motion may challenge any claim for relief

19

Green's anti-SLAPP motion does not apply to D&R's request for an equitable remedy. For this reason, the trial court properly denied Green's anti-SLAPP motion to "Injunctive Relief."

At oral argument, counsel for D&R agreed with the trial court's ruling that injunctive relief is "purely a remedy" and, on that basis, told the panel that any "issue [regarding the allegations for injunctive relief is] off the table." Thus, with all issues as to injunctive relief "off the table" and all causes of action subject to being stricken under the anti-SLAPP statute, the action should be dismissed.

## III. DISPOSITION

That portion of the October 2019 anti-SLAPP Order denying Green's anti-SLAPP motion is vacated. Upon issuance of the remittitur, the trial court is directed to enter an order (1) granting Green's anti-SLAPP motion as to the second, third, and fifth causes of action for libel, trade libel, and negligent interference with prospective economic advantage, respectively, and (2) dismissing the action.

Green is entitled to his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

---

founded on allegations of protected activity, it does not reach claims based on unprotected activity." (*Id*. at p. 382.) "To avoid confusion, we refer to the proper subject of a special motion to strike as a 'claim[.]' " (*Ibid*.; see § 425.16, subd. (b)(1) [a plaintiff must establish a probability of prevailing on any "claim" that arises from protected activity].)

                                        IRION, J.

WE CONCUR:


McCONNELL, P. J.


AARON, J.