Filed 5/13/26  Estate of Jones CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

|  |  |
|---|---|
| Estate of VESSA JONES, Deceased. | B349481 |
| BRIER OAK ON SUNSET, LLC, <br><br> Petitioner and Respondent, <br><br> v. <br><br> ARTEENA RUBENSTEIN, <br><br> Objector and Appellant. | (Los Angeles County Super. Ct. No. 24STPB00160) |

APPEAL from an order of the Superior Court of Los Angeles County, Brenda Penny, Judge.  Affirmed.

Arteena Rubenstein, in pro. per, for Objector and Appellant.

FBT Gibbons and Mark A. Ross for Petitioner and Respondent.

————————————————

Arteena L. Rubenstein appeals from an order confirming the sale of real property.  As she has not met her burden as an appellant to show reversible error, we affirm.

In late 2024, the trial court quieted title to real property with the address of 1643 Leighton Avenue in Los Angeles, CA.  It transferred title from Rubenstein to Megan Gooing, administrator of the Estate of Vessa Jones.  It declared void a prior deed granting the property to Rubenstein.  The allegation was that Rubenstein had "fraudulently and in bad faith prepared a grant deed in her own handwriting and signed it as the decedent's attorney-in-fact, at a time when [she] knew . . . creditors were seeking to collect money due for the decedent's stay at residential care facilities."  One such facility, Brier Oak on Sunset, LLC, participated in the quieting of title as a judgment creditor of the decedent.

On August 13, 2025, the trial court entered an order confirming sale of the Leighton Avenue property.

On August 28, 2025, Rubenstein filed a notice of appeal from the August 13 order.  The notice of appeal lists Megan Gooing, administrator of the Estate of Vessa Jones, and Brier Oak as respondents, and the proof of service indicates mailing of the notice to Gooing.  Rubenstein filed an opening brief on appeal and a reply.  Brier Oak filed a respondent's brief.  No other party filed a brief.  In a previous appeal, Case No. B343194, concerning the same trial court matter, Rubenstein purportedly sought review of an order on behalf of Vessa Jones's estate.  We dismissed that appeal when Rubenstein did not contest she was unauthorized to act for the estate, but we did so "without prejudice" to any appeal she "may have the right to file arising from an order or judgment affecting her individual rights."

2

Rubenstein brings this appeal in her own name. She seeks reversal of the order confirming sale because it was unsupported by credible evidence, derived from the trial court's bias, seemingly ignored a court order from two years earlier, and did not follow a trial.

On appeal, a challenged judgment or order is presumed correct and an appellant bears the burden of affirmatively demonstrating error. (*Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799.) To meet this burden, an appellant must, among other things, provide an adequate record (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295–1296; *Hotels Nevada, LLC v. L.A. Pacific Center, Inc.* (2012) 203 Cal.App.4th 336, 348); address the standard of review applicable to the challenged ruling (*Sonic Mfg. Technologies, Inc. v. AAE Systems, Inc.* (2011) 196 Cal.App.4th 456, 465); support each claim of error with "reasoned argument and citations to authority" and with citations to pertinent facts in the record (*Dietz*, at p. 799; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246); and, if contesting the sufficiency of the evidence behind a ruling, set forth, discuss, and analyze all the evidence, both favorable and unfavorable to the appellant's position (*Doe v. Roman Catholic Archbishop of Cashel & Emly* (2009) 177 Cal.App.4th 209, 218). An appellant's failure to comply with any of these requirements may result in a forfeiture of the appellant's claims. (See *Hotels Nevada*, at p. 348; *Sonic Mfg. Technologies*, at p. 465; *Dietz*, at p. 799; *Nwosu,* at p. 1246; *Roman Catholic Archbishop*, at p. 218; see generally Cal. Rules of Court, rule 8.204(a).) An "appellant's burden to affirmatively demonstrate error remains the same whether or not respondent files a brief." (Eisenberg et al., Cal. Practice Guide: Civil Appeals and Writs (The Rutter Group 2025) ¶ 8:17.3, p. 7;

see *County of San Diego Dept. of Child Support Services v. C.P.* (2019) 34 Cal.App.5th 1, 7, fn. 7.) And contentions not appropriately raised in the opening brief are forfeited; the reply brief is too late, as the respondent's sole opportunity to address the court has passed. (*Ables v. A. Ghazale Brothers, Inc.* (2022) 74 Cal.App.5th 823, 828.) These appellate burdens apply to self-represented litigants. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 985; *Nwosu,* at p. 1246.)

Rubenstein's briefing does not meet her burden as appellant. The opening brief does not identify the standard of review applicable to the court's order confirming sale. The slender record provided does not contain a transcript of the proceedings below or a substitute, nor does it contain moving or opposing papers or evidentiary submissions that led to the order confirming sale. The opening brief's broad arguments are unsupported by citation to legal authority or to particular pages of the record, except in one instance where the opening brief cites the order appealed from and another where it makes an unexplained reference to a "section 2 article VIII Prop 19." It seems Article VIII of the California Constitution was repealed in 1966. Furthermore, to the extent Rubenstein appears to raise a substantial evidence challenge, she has not summarized the competing evidence for and against the order she challenges. She claims the trial court "ignored" various matters, but she does not show that these matters appear in the record or that she presented them to the court for its consideration.

On the state of the record and the briefing, Rubenstein has not met her burden to show reversible error.

4

## DISPOSITION

We affirm the judgment.  Respondent to recover costs.


SCHERB. J.

We Concur:



WILEY, Acting P. J.



VIRAMONTES, J.